IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: ) | | |
| ) | | |
| GUY ANTHONY SAVAGE and ) | Case No. 14-00540-TOM-7 | |
| TAMELA SUE SAVAGE, ) | | |
| ) | | |
| Debtors. ) | | |

___

| | | |
|---|---|---|
| P.B. SURF, LTD., ) | | |
| ) | | |
| Plaintiff, ) | A.P. No. 14-00061-TOM | |
| vs. ) | | |
| ) | | |
| GUY ANTHONY SAVAGE and ) | | |
| TAMELA SUE SAVAGE, ) | | |
| ) | | |
| Defendants. ) | | |

___

### ***NOT FOR PUBLICATION***

### MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court on February 11, 2015, for a hearing on the Motion for Judgment on the Pleadings filed by P.B. Surf, Ltd., the Response to Plaintiff's Motion for Judgment on the Pleadings filed by Guy Anthony Savage and Tamela Sue Savage, and the Reply in Support of the Motion for Judgment on the Pleadings filed by P.B. Surf, Ltd. Appearing before the Court were Ethan Tidmore and Thomas Parker Griffin, Jr., attorneys for Plaintiff P.B. Surf, Ltd. ("PB Surf"), and David B. Anderson and Deanna L. Weidner, attorneys for Defendants Guy Anthony Savage and Tamela Sue Savage (collectively, "Savages"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued

1

proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(I) and (J).[2] This Court has considered the pleadings, arguments, evidence, testimony, and the law, and finds and concludes as follows.[3]

## FINDINGS OF FACTS[4]

In November 2011, PB Surf filed an action against debtor Guy Savage and others in the Circuit Court of Jefferson County, Alabama, asserting, among other things, claims for fraud, conversion, and conspiracy stemming from a business deal involving the parties. With regard to Mr. Savage, PB Surf in sum alleged that he wrongfully obtained proceeds from the sale of an asset that should have gone to PB Surf. The Circuit Court entered an injunction order (the "Injunction Order") including findings of fact against Mr. Savage and others on December 22, 2011, following a two day trial. On January 25, 2012, PB Surf filed an amended complaint (the "Amended Complaint") in the state court, adding Mrs. Savage as a defendant. Thereafter, on July 3, 2012, the Savages and other defendants entered into a consent judgment (the "Consent Judgment" or the "Judgment") for $2.5 million as to all counts in the Amended Complaint. The Consent Judgment provides that "good cause" exists for the judgment "based on the evidence

---

by the United States District Court for the Northern District of Alabama provides:
    The general order of reference entered July 16, 1984 is hereby amended to add
    that there be hereby referred to the Bankruptcy Judges for this district all cases,
    and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(I) and (J) provides as follows:
  (b)(2)Core proceedings include, but are not limited to–
    (I) determinations as to the dischargeability of particular debts;
      . . .
    (J) objections to discharges[.]

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

and testimony heard by the Court at the preliminary injunction hearing on December 13 and 14, 2011, the Court's subsequent findings in its preliminary injunction order dated December 22, 2011, the allegations of Plaintiff's Amended Complaint filed on January 25, 2012, and the testimony and evidence heard by the Court at the contempt hearing on May 11, 2012," and that the judgment amount "is non-dischargeable under 11 U.S.C. § 523." AP Doc. 1, Exh. E, Consent Judgment. Although the Consent Judgment purports to be agreed upon by the Savages as well as three corporate entities, the only signatures on the Judgment are those of "Guy Savage" and "Tamela Savage;" there are no signatures by the Savages or anyone else on behalf of any of the corporate entities. The Judgment does not contain signatures of counsel representing the Savages or the corporate entities, nor does it reflect that the Judgment was negotiated by the Savages or the corporate entities with the assistance of counsel.

The Savages filed their Chapter 7 bankruptcy case on February 19, 2014. PB Surf filed its adversary proceeding against them on May 30, 2014, asserting that the debt owed to it should be excepted from the Savages' discharge pursuant to Bankruptcy Code section 523(a)(2)(A), (a)(4), or (a)(6), and further, that the Savages should be denied a discharge pursuant to section 727(a)(2), (3), (4), and/or (5). PB Surf filed its Motion for Judgment on the Pleadings on December 4, 2014, the Savages responded on January 16, 2015, and PB Surf replied on January 23, 3015.

## **CONCLUSIONS OF LAW**

PB Surf asserts that it is entitled to a judgment on the pleadings with respect to section 523(a)(2)(A), (a)(4), and (a)(6) based on the doctrine of collateral estoppel, or alternatively, the doctrine of judicial estoppel.[5] Rule 12(c) of the Federal Rules of Civil Procedure[6] provides:

---

[5] PB Surf is not seeking judgment on the pleadings with respect to its count to deny the Savages a discharge under Section 727

3

> (c) Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(c). "'Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.'" *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) *quoting Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232 - 33 (11th Cir. 2005). According to the Eleventh Circuit Court of Appeals, "[i]n determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). When considering a motion for judgment on the pleadings, "denials and allegations of the answer which are well pleaded must be taken as true." *Beal v. Missouri Pac. R.R. Corp.*, 312 U.S. 45, 51, 61 S. Ct. 418, 421, 85 L. Ed. 577 (1941).

As an initial matter, collateral estoppel is applicable to determinations of dischargeability. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S. Ct. 654, 658, 112 L.E.2d 755 (1991). To determine whether collateral estoppel applies in a nondischargeability action, a bankruptcy court should use the state's collateral estoppel principles. *Cadles of Grassy Meadows, II, LLC v. Guthrie (In re Guthrie)*, 489 B.R. 440, 445 (Bankr. N.D. Ala. 2013). There are four elements of collateral estoppel in Alabama:

---

[6] Rule 12(c) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

> (1) the issue involved in the prior proceeding was identical to the issue involved in the present proceeding;
> (2) the issue was "actually litigated" in the prior proceeding;
> (3) the resolution of the issue was necessary to the prior judgment; and
> (4) the parties in the present proceeding are the same as those involved in the prior proceeding.

*Id.* (citing *Lott v. Toomey*, 477 So. 2d 316, 319 (Ala. 1985)). "Unless all four are satisfied, collateral estoppel may not apply." *Guthrie*, 489 B.R. at 445.

An issue will not have been "actually litigated" where the prior action resulted in a consent judgment. However, the Eleventh Circuit Court of Appeals has determined that a consent judgment may satisfy the "actually litigated" requirement if it is clear from the judgment or other evidence that the parties intend the consent judgment to be a final adjudication of the issues. *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061, 1064. "The proper analysis . . . is whether the parties specifically agreed to preclude a given issue in the consent decree." *Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1245 (11th Cir. 1991). "If the parties intended for the consent judgment to operate as a final adjudication of the factual issues contained in the judgment, and if the judgment includes sufficiently detailed findings of fact regarding the issues, the issues were 'actually litigated' for purposes of applying the doctrine of collateral estoppel." *Metropolitan Steel, Inc. v. Halversen (In re Halversen)*, 330 B.R. 291, 303 (Bankr. M.D. Fla. 2005) (citing *Halpern*, 810 F.2d at 1064)).

PB Surf contends that the Savages' intent that the Consent Judgment be a final adjudication of the claims in the state court action is exhibited through the stipulations in the Judgment that the debt would be nondischargeable in bankruptcy, that the Judgment was on all counts of the Amended Complaint, and that there was good cause for the Judgment based on the state court findings in the injunction order, among other things. This Court generally enforces consent judgments because, once parties agree to a particular adjudication of a dispute, the

5

parties should abide by the bargained-for terms to which they voluntarily agreed. However, under the facts of this case, the Court has concerns whether the Consent Judgment should be enforced as advocated by PB Surf.

To begin, the dischargeability of a debt cannot be determined in state court. Although the parties may agree in a consent judgment that a debt will not be dischargeable in bankruptcy, such agreement does not necessarily result in a finding by the bankruptcy court that the debt is excepted from discharge. A bankruptcy court has exclusive jurisdiction to determine whether a debt is dischargeable. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 676 (11th Cir. 1993); *Halpern*, 810 F.2d at 1063 - 64. Collateral estoppel may foreclose the relitigation of factual issues but it does not prevent a bankruptcy court from ultimately determining the dischargeability of a debt. *St. Laurent*, 991 F.2d at 676; *see also Halpern*, 810 F.2d at 1063 - 64; *Laski v. Gawrys (In re Gawrys)*, No. 13-71446-WLH, AP No. 14-5006, 2015 WL 2198050, at *3 (Bankr. N.D. Ga. May 8, 2015) (noting that for a prepetition judgment purportedly waiving discharge to have an effect in a bankruptcy case the elements of collateral estoppel must be met and the judgment must "contain[] enough information for the bankruptcy court to independently determine the debt was non-dischargeable after comparing the findings contained in that prepetition order to the elements to state a claim of non-dischargeability.") Thus, even though the Consent Judgment contains the Savages' stipulation that the debt would be nondischargeable, the actual determination must be made by this Court.

Aside from the issue of jurisdiction, public policy concerns impact the question of whether the Consent Judgment should be enforced. Courts have concluded that a stipulation that a debt will not be discharged in bankruptcy is against public policy and not enforceable. *The Infinity Group, LLC v. Lucas (In re Lucas)*, 477 B.R. 236, 245 - 46 (Bankr. M.D. Ala. 2012) (collecting cases); *Gawrys*, 2015 WL 2198050, at *2. "[P]repetition stipulations to waive

6

Case 14-00061-TOM    Doc 29    Filed 07/23/15    Entered 07/23/15 13:36:37    Desc Main
Document      Page 6 of 10

discharge, if allowed, would eviscerate the protections of the Bankruptcy Code. If it were that easy to avoid a discharge in bankruptcy, every creditor would insert a clause waiving discharge into every contract, promissory note, and lease." *Lucas*, 477 B.R. at 246. "The policy considerations are the same if the stipulation is made part of an otherwise valid judgment." *EFS Inc. v. Mercer (In re Mercer)*, Bankr. No. 13-30006-WRS, AP No. 13-3031-WRS, 2013 WL 3367253, at *4 (Bankr. M.D. Ala. July 5, 2013). Such public policy considerations are relevant here. The Savages signed the Consent Judgment but it was not signed by their counsel. Perhaps at the time they entered into the Judgment the Savages did not fully understand the import of agreeing that they could not later discharge the debt. Perhaps they did not realize the high burden PB Surf would have to meet in an action to determine dischargeability of the debt, and thus agreed to the stipulation whether or not the burden could be met. Alternatively, perhaps the Savages clearly understood the implications of their stipulation and now regret their decision. The understanding and reasoning behind the Savages' decision to stipulate that the debt would not be discharged in bankruptcy is not clear from the evidence before the Court. Regardless, public policy demands that the protections of the Bankruptcy Code not be waived through a prepetition agreement that a debt will be nondischargeable. Therefore, such stipulation by itself is not sufficient for this Court to determine that the debt should be excepted from discharge.

PB Surf contends that the Savages' stipulation that the debt would be nondischargeable, together with their stipulation of liability on all counts of the state court complaint and on findings of fact made by the state court, demonstrate the Savages' intent that the Consent Judgment be a final adjudication of the issues; thus the "actually litigated" element of collateral estoppel has been met. In support, PB Surf cites *In re Halpern*, in which the Eleventh Circuit Court of Appeals affirmed the district court's ruling that the bankruptcy court correctly applied collateral estoppel in that case. *Halpern*, 810 F.2d at 1062. In *Halpern*, the parties entered into a

7

Case 14-00061-TOM    Doc 29    Filed 07/23/15    Entered 07/23/15 13:36:37    Desc Main
Document      Page 7 of 10

state court consent judgment in which the debtor had admitted certain facts, including that he had made material misrepresentation of facts that he knew to be false with the intent that the lender rely in extending financial benefits. *Id*. Further, the debtor admitted his conduct "was 'wilful, malicious, and intentional and designed solely for the purpose of fraudulently deceiving [the lender].'" *Id.* The debtor had agreed:

> "[T]hese Findings of Fact and Conclusions of Law will collaterally estop [Halpern] from denying any of the facts or law established herein. Specifically, [Halpern] recognizes that these Findings of Fact and Conclusions of Law will conclusively establish that the liability which he is adjudged in this civil action to owe to [First Georgia] will be excepted from discharge in any bankruptcy case in which he is a debtor. This is because ... Halpern's liability to [First Georgia] is (a) for obtaining money or property by false pretenses, false representations, and actual fraud, (b) for fraud or defalcation while acting in a fiduciary capacity, and (c) for wilful and malicious injury by the Defendant Halpern to [First Georgia's] property."

*Id.* The bankruptcy court determined that collateral estoppel applied, and that the findings in the state court judgment satisfied the elements for nondischargeability pursuant to section 523(a)(2)(A). *Id.* at 1063.[7] The district court affirmed, and the debtor appealed. *See Id.* at 1062. In affirming the lower courts' decisions, the Eleventh Circuit stated:

> We agree with the bankruptcy court and the district court that here the parties intended that the consent judgment operate as a final adjudication of the factual issues contained therein. The factual findings in the consent judgment are sufficiently detailed to leave little doubt as to their meaning. Halpern in effect concedes as much in failing to suggest that the findings had some meaning other than that suggested by the clear meaning of the language. Any contrary construction is refuted by the fact that Halpern expressly consented in the

---

[7] In fact, the bankruptcy court noted:

The consent order contains numerous findings of fact, the gist of which is that HALPERN devised and executed a scheme to defraud the BANK for the purpose of obtaining cash, bank obligations, and deposit credits. The language in the judgment appears to have been drafted to show that HALPERN'S conduct meets the standards for nondischargeability in section 523.

*First Georgia Bank v. Halpern (In re Halpern)*, 50 B.R. 260, 261 (Bankr. N.D. Ga. 1985).

> judgment that "these Findings of Fact and Conclusions of Law will collaterally estop [Halpern] from denying any of the facts or law established herein." Moreover, the consent judgment on its face evinces that Halpern received consideration in exchange for agreeing that the judgment would constitute a final adjudication of the findings. There is no evidence of coercion or duress, and the consent judgment was signed by both Halpern and by his attorney. Under such circumstances, the bankruptcy court correctly concluded that "[a] chilling effect on consent judgments and settlements might result if the court were to ignore such a clear and unambiguous expression of the parties' intent."

*Id.* at 1064 - 65 (footnotes omitted) (alteration in original).

In *Halpern*, the debtor admitted in the state court judgment to certain facts that would support a finding of nondischargeability in a bankruptcy case. The judgment tracked the language of section 523(a)(2)(A), (4), and (6) and contained the debtor's admission to liability "(a) for obtaining money or property by false pretenses, false representations, and actual fraud, (b) for fraud or defalcation while acting in a fiduciary capacity, and (c) for wilful and malicious injury by the [debtor] to [the lender's] property," thereby clearly indicating the parties' intent that the consent judgment was a final adjudication of the issues. Such intent is not as clear in the case before this Court. The consent judgment itself contains no findings of fact but instead refers to findings of fact by the state court and allegations in the Amended Complaint. Although the Consent Judgment reflects that the Savages agreed to a judgment on all counts of the Amended Complaint, it does not reflect an admission by the Savages that the elements necessary to satisfy subsections (a)(2)(A), (4), or (6) of section 523 had been or could be established. The Consent Judgment may reflect the Savages' intent that the issues before the state court be finally adjudicated, but the intent, if any, that the question of dischargeability of the debt be finally adjudicated is not as clearly evident.

Essentially, PB Surf argues that the counts in the Amended Complaint, to which the Savages have stipulated, contain the elements necessary to establish that the debt should be excepted from discharge pursuant to section 523(a)(2)(A), (a)(4), and/or (a)(6). However, PB

9

Surf does not completely connect the dots between the Savages' stipulations and the elements of section 523. In ruling on the Motion for Judgment on the Pleadings this Court must view the evidence in the light most favorable to the Savages. Because any intent the Savages had for the Consent Judgment to be a final adjudication of the dischargeability issue is not clearly evident from the Consent Judgment itself, and because PB Surf has not established that the facts and allegations to which the Savages stipulated satisfy all of the elements of section 523, the Motion for Judgment on the Pleadings is due to be denied without prejudice.[8]

It is therefore **ORDERED, ADJUDGED, AND DECREED** that PB Surf's Motion for Judgment on the Pleadings is **DENIED**.

Dated: July 23, 2015
/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

---

[8] This Court makes no finding that sufficient facts to support a finding of nondischargeability were, or were not, included in the Savages' stipulation. As is noted in countless opinions, treatises, and scholarly articles, bankruptcy is intended to provide a debtor with a "fresh start." For this Court to determine that the Savages will not get the benefit of a fresh start based on an agreement in the prior state court proceeding, it must be abundantly clear that such a determination is warranted. Should PB Surf decide to file a new motion for judgment on the pleadings based on the doctrine of collateral estoppel, or a motion for summary judgment (*but see Gawrys*, 2015 WL 2198050), it may wish to elaborate on which stipulated facts support each and every element required for a finding of nondischargeability under sections 523(a)(2)(A), (a)(4), and/or (a)(6), along with specific references to the location of such facts in the preliminary injunction order, the amended complaint, or other. In the Motion for Judgment on the Pleadings currently before this Court, PB Surf additionally contends that it is entitled to a judgment based on the doctrine of judicial estoppel, which would prevent the Savages from taking a position in this adversary proceeding that is inconsistent with their position in the prior state court proceeding. Application of this doctrine likewise hinges upon a showing that the stipulations in the state court proceeding evidence that the Savages intended the debt to be nondischargeable in bankruptcy.